IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT MICHAEL ARDIS,
    Plaintiff,

vs.                                       Case No.: 3:15cv566/MCR/EMT

FLORIDA SUPREME COURT, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court on Plaintiff's second amended civil rights complaint filed under 42 U.S.C. § 1983 (ECF No. 16), which Plaintiff augmented with a Motion for Additional Relief (ECF No. 17). Plaintiff has also filed an Emergency Motion for Preliminary Injunctive Relief (ECF No. 18). Plaintiff has been granted leave to proceed in forma pauperis in this action (ECF No. 6).

    Because Plaintiff is proceeding in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule

12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted). Finally, in civil rights cases, more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted). Upon review of the Second Amended Complaint, the court concludes that facts set forth by

Plaintiff fail to state a claim for relief that is plausible on its face. Dismissal of this action is therefore warranted.

The focus of Plaintiff's complaint is on various state court actions that were filed in Escambia County, Florida, some of which remain pending and some of which appear to be concluded. As Plaintiff states:

> The Petitioner currently has several Escambia County Circuit Court Cases pending. For the purpose of this filing, the Petitioner is focusing on the following cases in the lower tribunals: Case SC15-1855, Florida Supreme Court; Florida First District Court of Appeal Case 1D13-4463; and in reality, all cases in which the Petitioner is a named party in the First Judicial Circuit of Florida, but in particular, Cases 2013 CA 000273; 2012 CA 002806; 2014 CA 001278; 2009 DR 003717; 2009 DR 003588; 2010 MM 027316 A; 2013 CF 000405 A, and all other pending and open cases in Escambia County Circuit Court.

(ECF No. 16 at 3).

Plaintiff presents his claims as ones for injunctive and declaratory relief under 42 U.S.C. § 1983, 28 U.S.C. §§ 2201 and 2202, 28 U.S.C. § 1331, and 28 U.S.C.A. § 1343 and invokes the court's supplemental jurisdiction under 28 U.S.C.A. § 1367. In his motion for additional relief (ECF No. 17), Plaintiff seeks relief under a writ of coram nobis. Plaintiff requests a Declaratory Judgment from the United States District Court for the Northern District of Florida and Preliminary and Permanent Injunctive Relief "for the repeated abuses he has suffered, and continues to suffer, in

the First Judicial Circuit of Florida, and Florida Courts, in general" (ECF No. 16 at 4). As Defendants, Plaintiff names the Florida Supreme Court; First Judicial Circuit Judges Linda Nobles, Terry Terrell and Terry Michael Jones; Clerk of Court Pamela Childers; the Office of the State Attorney; and unspecified John/Jane Doe Defendants.

The complaint references numerous orders and other actions in the cases identified above, spanning from 2010 to the present, and Plaintiff indicates that he can provide detailed documentation as to all the allegations. Although the complaint is rambling and imprecise, these state cases, and thus his allegations, relate to dissolution of marriage and related child custody proceedings instituted in Escambia County in 2009. Plaintiff's wife sought and received a "protection against domestic violence injunction" against him, and Plaintiff was later charged with indirect criminal contempt for willfully violating the terms of that injunction on three occasions, which resulted in a thirty-day jail sentence. Plaintiff appealed that order and was successful on grounds that the State had previously nolle prossed two of the charges and the third charge stemmed from conduct occurring after the domestic violence injunction order had expired. See Ardis v. Ardis, 165 So. 3d 844 (Fla. 1st DCA 2015).

Plaintiff herein seeks a writ of error coram nobis to correct or eradicate his conviction (evidently despite the fact that the First District has already reversed the contempt order). Plaintiff states he sought to return the matter to the Escambia County Circuit Court, evidently to address what he viewed as due process and equal protection violations, and sought to vindicate the fact that he was found guilty of the violation in the first instance (ECF No. 16 at ¶¶ 32, 45). As part of this effort, Plaintiff sought, unsuccessfully, the recusal of the Defendant Escambia County Circuit Judges (*id.* at 13–17). He unsuccessfully appealed these orders to the First District Court of Appeal and to the Florida Supreme Court (*id.* at 22–23). The Florida Supreme Court additionally stated that it would not entertain any further motions for rehearing or reinstatement from Plaintiff because "this Court generally will not consider the repetitive petitions of persons who have abused the judicial processes of the lower courts such that they have been barred from filing certain actions there." Ardis v. Anderson, No. SC15–1855, 2015 WL 7258996, at *1 (Fla. Nov. 17, 2015). Plaintiff thereafter sought the recusal of the Florida Supreme Court Justices.[1]

---

[1] Some of the above events are chronicled in a case Plaintiff previously filed in this court. *See* Ardis v. Danheisser, Case No. 3:13-cv-366-MCR-EMT ( ECF No. 41). Plaintiff sued judges, prosecutors and law enforcement officials involved with the divorce and domestic violence injunction proceedings. The complaint was dismissed largely on grounds of judicial and prosecutorial immunity and also on the merits as to his related claims of false arrest and false imprisonment. (*Id.*).

Plaintiff now claims that these adverse state orders were erroneously decided under various state procedural rules, including Rule 2.330 of the Florida Rules of Judicial Administration, which concerns the disqualification of trial judges.

In any Section 1983 action, the initial inquiry must focus on whether two essential elements are present: (1) the plaintiff was deprived of a federal right, and (2) that the deprivation was caused by a person acting under color of state law. *See* Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed.2 d 662 (1986); Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). Although Plaintiff couches his claims in terms of injunctive or declaratory relief under federal law, his grounds for relief are clearly brought on state law grounds. He does not allege any substantive violation of the Constitution or federal law. A violation of a state law does not alone form the basis of a constitutional claim cognizable under section 1983. Snowden v. Hughes, 321 U.S. 1, 11, 64 S. Ct. 397, 402, 88 L. Ed. 497 (1944) ("Mere violation of a State statute does not infringe the federal Constitution"); Bagley v. Rogerson, 5 F.3d 325, 329 (8th Cir. 1993). This court therefore does not have jurisdiction over his claims under Section 1983.

Perhaps anticipating this problem, Plaintiff attempts to house his claims under the court's supplemental jurisdiction pursuant to 28 U.S.C.A. § 1367. This avenue is unavailable to him, however, because, absent any *independent* basis for federal jurisdiction, there is no support for the court's exercise of supplemental jurisdiction over state law claims. *See* Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1352 (11th Cir. 1997). In other words, a cause of action must contain independent federal claims before a federal district court can exercise supplemental jurisdiction over state claims, and even where those federal claims do exist, if they are subsequently dismissed from the action, the concomitant dismissal of the state law claims is usually warranted. *See* Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004); United Mine Workers v. Gibbs, 383 U.S. 715, 725–26, 86 S. Ct. 1130, 1138–39, 16 L. Ed. 2d 218 (1966).

Furthermore, an additional basis for this court to refrain from taking jurisdiction over this case lies in the Younger abstention doctrine. Pursuant to Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), federal courts are directed to abstain from granting injunctive or declaratory forms of relief that would restrain or otherwise affect an ongoing state criminal prosecution, except in the most extraordinary circumstances and upon a clear showing of both great and immediate

harm. The Younger abstention doctrine has also been further applied to state civil proceedings that are related or akin to criminal proceedings "or that implicate a State's interest in enforcing the orders and judgments of its courts." Sprint Communications, Inc. v. Jacobs, 134 S. Ct. 584, 588 (2013) (citing Huffman v. Pursue, Ltd., 420 U.S. 592, 95 S. Ct. 1200, 43 L. Ed. 2d 482 (1975) and Pennzoil Co. v. Texaco Inc., 481 U.S. 1, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987)). In this respect, Younger has been held to apply to contempt and other such proceedings involving the state court's criminal or civil enforcement provisions. Moore v. Sims, 442 U.S. 415, 423, 99 S. Ct. 2371, 2377 (1979); Trainor v. Hernandez, 431 U.S. 434, 443–44, 97 S. Ct. 1911, 1918 (1977); Juidice v. Vail, 430 U.S. 327, 335, 97 S. Ct. 1211, 1217 (1977); Shapiro v. Ingram, 207 F. App'x 938, 939 (11th Cir. 2006). As well, Younger is applicable to prevent intercession upon a state court's decisions regarding its own judicial functions, such as whether judges should recuse themselves. Shapiro, 207 F. App'x at 939 (citing Wexler v. Lepore, 385 F.3d 1336, 1339, 1341 (11th Cir. 2004)).

Under the Younger doctrine, federal courts abstain from interceding upon state actions unless certain limited exceptions apply, such as where irreparable injury will occur to the litigant and there is no means with which to legally address the injury. Hughes v. Attorney General of Florida, 377 F.3d 1258, 1263 (11th Cir. 2004). This

is an exceedingly narrow exception, reserved for instances such as where the irreparable injury is caused by a state statute that is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief. <u>Younger</u>, 401 U.S. at 53–54; <u>Butler v. Ala. Inquiry Comm'n</u>, 245 F.3d 1257, 1265 (11th Cir. 2001). Irreparable injury of this sort does not include the type of injury which is incidental to every prosecution unless it is brought in bad faith or in order to harass without any hope of obtaining a valid conviction. <u>Kugler v. Helfant</u>, 421 U.S. 117, 123–25, 95 S. Ct. 1524, 1530–31, 44 L. Ed.2d 15 (1975).

The instant complaint falls squarely under the <u>Younger</u> abstention doctrine. In essence, Plaintiff asks this court to halt all state proceedings against him and overturn orders entered by the Defendant Judges relative to their findings of contempt but also their orders denying disqualification. To grant this relief "would have required the [federal] district court to direct [a state judge] to reverse her prior rulings, effectively telling the state court how to run its contempt proceeding. Thus, any injunctive relief granted in this case would unduly interfere with state court proceedings." <u>Shapiro</u>,

207 F. App'x at 940 (citing Juidice, 430 U.S. at 335–36, 97 S. Ct. at 1217–18). Thus, Younger prevents this court from assuming jurisdiction over this case.[2]

Finally, Plaintiff seeks a writ of error coram nobis as a remedy to overturn the state orders entered against him. Although a writ of error coram nobis is an available remedy to attack a criminal judgment, it has long been held that the writ may not be used in federal court to attack a *state* criminal judgment. Llovera v. Florida, 576 F. App'x 894, 896–97 (11th Cir. 2014) (citing Theriault v. Mississippi, 390 F.2d 657, 657 (5th Cir. 1968) and Cavett v. Ellis, 578 F.2d 567, 569 n.4 (5th Cir. 1978)). The writ of coram nobis is an available remedy to defendants challenging convictions under Florida law. Richardson v. State, 546 So. 2d 1037, 1037 (Fla. 1989).

In sum, Plaintiff does not present a viable federal cause of action because he alleges only that Defendants committed errors under Florida law in their rulings

---

[2] It bears mentioning that Plaintiff, apparently aware of the similar Rooker-Feldman doctrine which would prevent this court from reviewing the final decisions in his state cases, asserts that his state proceedings are all ongoing. Nevertheless, should any of his state actions actually be final, the Rooker-Feldman doctrine does indeed hold that federal district courts do not have jurisdiction over cases brought by those who have lost in state court and wish for the district court to review those judgments. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). Hence, a federal district court "lacks jurisdiction to review, reverse, or invalidate a final state court decision." Dale v. Moore, 121 F.3d 624, 626 (11th Cir. 1997); *see also* Datz v. Kilgore, 51 F.3d 252, 253 (11th Cir. 1995) (holding that pursuant to the Rooker-Feldman doctrine, a federal court may not "decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment" (quoting Staley v. Ledbetter, 837 F.2d 1016, 1018 (11th Cir. 1988))).

against him.  Furthermore, this court is without jurisdiction under the <u>Younger</u> abstention doctrine to intercede upon those decisions that have been made against him in the described state proceedings.

Accordingly, it respectfully **RECOMMENDED** that:

1. The complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2. That all pending motions be denied as moot.

At Pensacola, Florida, this <u>13th</u> day of May 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**